IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TORRENCE GAINES,

                                                 CASE NO:

    Plaintiff,

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

    Defendants.

_____/

**<u>DEFENDANT PONDSCO FACILITY SERVICES, LLC'S NOTICE OF
REMOVAL OF STATE COURT ACTION TO UNITED STATES
DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA</u>**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, PONDSCO FACILITY

SERVICES, LLC, a foreign limited liability company, ("Pondsco"), hereby removes

the civil action, Case No. 2022-CA-000120, from the Circuit Court, Second Judicial

Circuit, Leon County, Florida, to the United States District Court for the Northern

District of Florida, Tallahassee Division.  The removal of this civil action is proper

because:

1.      Pondsco is a co-defendant in this civil action filed in the Circuit Court,

Second Judicial Circuit, Leon County, Florida, Case No.: 2022-CA-000120, on or

about January 21, 2022, titled "Torrence Gaines v. Governor's Square Mall, LLC

and Pondsco Facility Services, LLC" , (the "State Court Action").

2.     In this Complaint, Plaintiff claims that she has been damaged due to the negligence of the Defendant.

3.     The Complaint alleges that the amount in controversy exceeds the $30,000 State of Florida Circuit Court jurisdictional minimum.

4.     Counsel for Defendant Pondsco accepted service of the Summons and Complaint in the State Court Action on March 15, 2022.

5.     In pre-suit communications from Plaintiff's Counsel, it was indicated that Plaintiff's initial demand was in the amount of $1,000,000.00.

6.     As such, the citizenship of the parties and the amount in controversy give rise to diversity of jurisdiction, pursuant to 28 U.S.C.A. Sec. 1332, and the Defendant seeks removal to the United States District Court for the Middle District of Florida.

## FEDERAL DIVERSITY JURISDICTION

7.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.     A district court is not bound to the four corners of the complaint to assess jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir.

1994) (internal citations omitted).  The burden is on the defendant to show, by a preponderance of the evidence, facts supporting the existence of jurisdiction.

9.      A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action of which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1441.

### A. Diversity of Citizenship

10.     Plaintiff, TORRENCE GAINES, now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Leon County, Florida.

11.     For removal purposes, a limited partnership is the citizen of every state in which the organization's partners or members are citizens.  *See, e.g., Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).  A corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Pondsco Facility Services, LLC is incorporated pursuant to the laws of the State of Texas, with its principal place of business in the State of Texas, and is therefore deemed to be a citizen of the **State of Texas** pursuant to 28 U.S.C. 1332(c)(1).  Accordingly, Pondsco Facility Services, LLC is a citizen of Texas for jurisdictional purposes, and is diverse from Plaintiff.

## B. Amount in Controversy

12.     Defendant, as the party invoking federal jurisdiction, carries the burden of proving to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *In re Rezulin Products Liability Litigation*, 133 F.Supp2d 272 (S.D.N.Y. 2001).  The focus of a defendant's efforts need not be whether the plaintiff is likely to secure an amount greater than $75,000.00. *See id.*  Instead, the focus is on the claim, and while plaintiff is the master of its claim whose monetary demand is to be accorded deference, a plaintiff's claim must be made in good faith." *Id.*  As set forth in Plaintiff's Pre-Suite Demand Correspondence, Plaintiff seeks total damages in excess of $75,000.

      a. Pondsco has been advised by Plaintiff's counsel that the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff, in his prayer for relief, requested damages including bodily injury and resulting pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.

13.     Plaintiff's original Complaint was served on Defendant on March 15, 2022 (via acceptance of service by Defendant's Counsel).  Accordingly, this notice

has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has passed since the filing of the original Complaint. Attached hereto as **Composite Exhibit "A"** is a copy of all papers filed to date in the State Court proceedings.

14.     Written notice of the filing of this notice has been furnished to Counsel for Plaintiff.

15.     A copy of this Notice has been filed with the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

WHEREFORE, Defendant, PONDSCO FACILITY SERVICES, LLC, respectfully requests this Court assume original jurisdiction and grant this Notice for Removal.

**THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 16th day of March 2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone: (850) 385-9901
> Facsimile: (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.: 115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall, LLC and Pondsco Facility Services, LLC*

## SERVICE LIST

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE SECOND    JUDICIAL CIRCUIT,
IN AND FOR LEON    COUNTY, FLORIDA

TORRENCE GAINES
Plaintiff

Case # 2022 CA 000120

Judge _____

vs.

GOVERNOR'S SQUARE MALL LLC, PONDSCO FACILITY SERVICES LLC
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jeffrey A. Berglund</u>       Fla. Bar # <u>124936</u>
      Attorney or party            (Bar # if attorney)

<u>Jeffrey A. Berglund</u>         <u>01/21/2022</u>
  (type or print name)          Date

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
## IN AND FOR LEON COUNTY, FLORIDA

**TORRENCE GAINES**

   **Plaintiff,**

             **Case No.:**  2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,**
**LLC, and PONDSCO FACILITY**
**SERVICES, LLC**

   **Defendants.**

_____ /

## <u>SUMMONS</u>

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

   YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, First Set of Interrogatories, First Request to Produce, First Request for Admissions, and Standing Order on Civil Case Management in the above-styled cause upon the Defendant:

### GOVERNOR'S SQUARE MALL, LLC,
### C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT
### 1201 HAYS STREET
### TALLAHASSEE, FL 32301-2525

   Each Defendant is hereby required to serve written defenses to said Complaint or Petition on JEFFREY BERGLUND, ESQUIRE**, Morgan & Morgan**, 313 North Monroe Street, Suite 401, Tallahassee, Florida 32301, Telephone: (850) 329-6895, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **LEON COUNTY COURTHOUSE, Circuit Civil Division, 301 South Monroe Street, Suite 100**, Tallahassee, Florida 32301 , (850) 606-4000at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS   my   hand   and   the   seal   of   this   Court   on   this   the   _____   day   of _____, _____.

Clerk of the Circuit Court

By_____   01/21/2022

As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**Morgan & Morgan Tallahassee, PLLC**
313 North Monroe Street Suite 401
Tallahassee, FL 32301
Phone: (850) 329-6895

4

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

      **Plaintiff,**

                                      **Case No.:**  2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

      **Defendant.**

_____ /

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint, First Set of Interrogatories, First Request to Produce, First Request for Admissions, and
Standing Order on Civil Case Management in the above-styled cause upon the Defendant:

**PONDSCO FACILITY SERVICES, LLC
C/O C T CORPORATION SYSTEM, AS REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition

on JEFFREY BERGLUND, ESQUIRE**, Morgan & Morgan**, 313 North Monroe Street, Suite 401,

Tallahassee, Florida 32301, Telephone: (850) 329-6895, within twenty (20) days after service of

this Summons upon you, exclusive of the day of service, and to file the original of said written

defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately

thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the

Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

      If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **LEON COUNTY COURTHOUSE, Circuit Civil Division, 301 South Monroe Street, Suite 100**, Tallahassee, Florida 32301 , (850) 606-4000at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

      WITNESS   my   hand   and   the   seal   of   this   Court   on   this   the   _____   day of _____, _____.

Clerk of the Circuit Court

By _____   01/21/2022

As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**Morgan & Morgan Tallahassee, PLLC**
313 North Monroe Street Suite 401
Tallahassee, FL 32301
Phone: (850) 329-6895

4

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

**TORRENCE GAINES**

     **Plaintiff,**

                                   **Case No.:**  2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

     **Defendants.**

_____/

## COMPLAINT

Plaintiff, TORRENCE GAINES, by and through the undersigned counsel, hereby sues Defendant, GOVERNOR'S SQUARE MALL, LLC, and PONDSCO FACILITY SERVICES, LLC, and alleges as follows:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff, TORRENCE GAINES, is a natural person residing in Leon County, Florida.

3.    At all times material to this action, Defendant, GOVERNOR'S SQUARE MALL, LLC. is a Florida profit corporation licensed to do business in the State of Florida.

4.    At all times material to this action, PONDSCO FACILITY SERVICES, LLC, is a Foreign Limited Liability Company licensed to do business in the State of Florida.

5.    At all times material hereto, Defendant, GOVERNOR'S SQUARE MALL, LLC, was the owner and in possession of that certain business located at 1500 Apalachee Parkway, Tallahassee, Florida, open to the general public, including the Plaintiff herein.

6.    On or about February 3, 2021, Plaintiff, TORRENCE GAINES, visited Defendant's premises located at the above address as a business invitee and/or guest.

7.    At said time and place, Plaintiff, TORRENCE GAINES, was a lawful guest upon the premises of the Defendant, GOVERNOR'S SQUARE MALL, LLC, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, GOVERNOR'S SQUARE MALL, LLC

Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

8.    At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of the dangerous condition on their premises.

9.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the flooring on Defendant's property, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)    Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the flooring on Defendant's property, as specified above, to ascertain whether the property floors, which was poorly maintained, constituted a hazard to patrons utilizing said property and floors, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

2

d)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the property and flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)  Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's property, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring on Defendant's property for dangerous conditions;

g)  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring on Defendant's property for dangerous conditions;

h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring on Defendant's property despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)  Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)  Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)  Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

3

m)   Negligently failing to act reasonably under the circumstances;

n)   Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)   Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)   Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)   Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)   Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

t)   Negligently maintaining the ceiling within Defendant's premises so as to prevent any liquid from falling onto the floor below.

10.   As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor on Defendant's property, sustaining significant personal injuries.

11.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

4

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, GOVERNOR'S SQUARE MALL, LLC

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

12.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

13.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

14.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a.  Negligently failing to maintain or adequately maintain the flooring on Defendant's property, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b.  Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c.  Negligently failing to inspect or adequately inspect the flooring on Defendant's property, as specified above, to ascertain whether the property floors, which was poorly maintained, constituted a hazard to patrons utilizing said property and floors, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d.  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the property and flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e.  Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's property, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring on Defendant's property for dangerous conditions;

g.  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring on Defendant's property for dangerous conditions;

h.  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i.  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring on Defendant's property despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j.  Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k.  Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l.  Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m.  Negligently failing to act reasonably under the circumstances;

n.  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o.  Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p.  Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q.  Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r.  Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s.  Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

t.  Negligently maintaining the ceiling within Defendant's premises so as to prevent any liquid from falling onto the floor below.

15.  As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor of the on Defendant's property, sustaining significant personal injuries.

16.  As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT III – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, PONDSCO FACILITY SERVICES, LLC

Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

17.  At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of the dangerous condition on their premises.

18.  At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)  Negligently failing to maintain or adequately maintain the flooring on Defendant's property, thus creating a hazard to members of the public

7

utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)   Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)   Negligently failing to inspect or adequately inspect the flooring on Defendant's property, as specified above, to ascertain whether the property floors, which was poorly maintained, constituted a hazard to patrons utilizing said property and floors, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)   Negligently failing to inspect or adequately warn the Plaintiff of the danger of the property and flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)   Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's property, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring on Defendant's property for dangerous conditions;

g)   Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring on Defendant's property for dangerous conditions;

h)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)   Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring on Defendant's property despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)   Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)     Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)     Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)     Negligently failing to act reasonably under the circumstances;

n)     Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)     Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)     Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)     Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)     Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)     Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

t)     Negligently maintaining the ceiling within Defendant's premises so as to prevent any liquid from falling onto the floor below.

19.     As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor on Defendant's property, sustaining significant personal injuries.

20.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT IV – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, PONDSCO FACILITY SERVICES, LLC

Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

21.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

22.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

23.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the flooring on Defendant's property, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b. Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the flooring on Defendant's property, as specified above, to ascertain whether the property floors, which was poorly maintained, constituted a hazard to patrons utilizing said property and floors, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the property and flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e. Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's property, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring on Defendant's property for dangerous conditions;

g. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring on Defendant's property for dangerous conditions;

h. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i. Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring on Defendant's property despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j. Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k. Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l. Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m. Negligently failing to act reasonably under the circumstances;

n. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p. Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q. Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r. Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s. Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

t. Negligently maintaining the ceiling within Defendant's premises so as to prevent any liquid from falling onto the floor below.

24.     As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor of the on Defendant's property, sustaining significant personal injuries.

25.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TORRENCE GAINES, sues the Defendant, GOVERNOR'S SQUARE MALL, LLC, AND PONDSCO FACILITY SERVICES, LLC, for damages and

12

demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

Respectfully submitted this 21st day of January, 2022.

s/ *Jeffrey A. Berglund*

**JEFFREY A. BERGLUND, ESQUIRE**
Florida Bar No.: 124936
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email: JBerglund@forthepeople.com
Secondary Email: michelledavis@forthepeople.com
Phone: (850) 765-1891
Fax: (850) 201-2760
*Attorney for Plaintiff*

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
## IN AND FOR LEON COUNTY, FLORIDA

**TORRENCE GAINES**

>  **Plaintiff,**

**vs.**

>  Case No.: 2022 CA 000120

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

>  **Defendants.**

_____ /

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT,
### PONDSCO FACILITY SERVICES, LLC

COMES NOW, Plaintiff, TORRENCE GAINES pursuant to Florida Rules of Civil Procedure 1.370(a), requests that Defendant, PONDSCO FACILITY SERVICES, LLC make the following admissions in this action within forty-five (45) days from the date of this Certificate of Service hereof:

1.      On or about February 3, 2021, Plaintiff was an invitee and lawfully upon Defendant's premises.

2.      Plaintiff sustained injuries on the Defendant's premises on February 3, 2021.

3.      Plaintiff was not guilty of any comparative negligence in the incident described in the complaint.

4.      No other person or entity, not a party to this lawsuit, caused or contributed to the Plaintiff's fall on February 3, 2021.

5.      Plaintiff incurred medical expenses for treatment of injuries resulting from the incident described in the complaint.

6.      Plaintiff's medical expenses related to the subject fall were reasonable and necessary for the care and treatment of the injuries she sustained in the incident described in the complaint.

7.      Defendant, through its employees, agents, or representatives, was negligent in the maintenance, operation and/or inspection of its property on February 3, 2021.

8.      Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to the negligence of Defendant.

9.      Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to a liquid like substance on the floor.

10.     Defendant has a video that shows the Plaintiff's fall on February 3, 2021.

11.     Plaintiff's fall at Governor's Square Mall on February 3, 2021 was recorded on Defendant's video surveillance camera.

12.     The store surveillance video of the Plaintiff's fall on February 3, 2021 was preserved by Defendant.

13.     Defendant has photographs of the area where the Plaintiff fell on February 3, 2021, which Defendant's employee(s) took after the Plaintiff fell.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

/s/ *Jeffrey A. Berglund*

**JEFFREY A. BERGLUND, ESQUIRE**
Florida Bar No.: 124936
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email: JBerglund@forthepeople.com
Secondary Email: michelledavis@forthepeople.com
Phone: (850) 765-1891
Fax: (850) 201-2760
*Attorney for Plaintiff*

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

     **Plaintiff,**

                               **Case No.:**   2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

     **Defendants.**

_____ /

### PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT, PONDSCO FACILITY SERVICES, LLC

COMES NOW the Plaintiff, **TORRENCE GAINES**, by and through his undersigned counsel and hereby propounds to Defendant, **PONDSCO FACILITY SERVICES, LLC,** and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories numbered one through twenty-seven (1-27), answers to which will be due within forty-five (45) days from the date of service hereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon the above-named Defendant, along with the summons and complaint.

                             /s/ *Jeffrey A. Berglund*
                             **JEFFREY A. BERGLUND, ESQUIRE**
                             Florida Bar No.: 124936
                             Morgan & Morgan
                             313 North Monroe Street, Suite 401
                             Tallahassee, Florida 32301
                             Primary Email: JBerglund@forthepeople.com
                             Secondary Email: michelledavis@forthepeople.com
                             Phone: (850) 765-1891
                             Fax: (850) 201-2760
                             *Attorney for Plaintiff*

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

  **Plaintiff,**

           **Case No.:**  2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,**
**LLC, and PONDSCO FACILITY**
**SERVICES, LLC**

  **Defendants.**

_____ /

**PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO**
**DEFENDANT, GOVERNOR'S SQUARE MALL, LLC**

  COMES NOW the Plaintiff, **TORRENCE GAINES**, by and through his undersigned

counsel and hereby propounds to Defendant, **GOVERNOR'S SQUARE MALL, LLC,** and

pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories numbered one

through twenty-seven (1-27), answers to which will be due within forty-five (45) days from the date

of service hereof.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon

the above-named Defendant, along with the summons and complaint.

       _/s/ Jeffrey A. Berglund_____
       **JEFFREY A. BERGLUND, ESQUIRE**
       Florida Bar No.: 124936
       Morgan & Morgan
       313 North Monroe Street, Suite 401
       Tallahassee, Florida 32301
       Primary Email: JBerglund@forthepeople.com
       Secondary Email: michelledavis@forthepeople.com
       Phone: (850) 765-1891
       Fax: (850) 201-2760
       *Attorney for Plaintiff*

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

       **Plaintiff,**

                              **Case No.:**   2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

       **Defendants.**

_____ /

**<u>PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT,
PONDSCO FACILITY SERVICES, LLC</u>**

Plaintiff, TORRENCE GAINES, by and through the undersigned counsel, hereby requests that

Defendant, , produce for inspection or copying the documents set forth below. Defendant shall

produce these documents at Morgan & Morgan, P.A., 313 N. Monroe Street Tallahassee, FL, 32301

within forty-five (45) days after service of this Request for Production.

**<u>I. Definitions</u>**

      A.    As used throughout this Request to Produce, the following terms are defined as

follows:

      B.    "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications,

memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and

predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.     "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.     As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.     As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.     Description sufficient to identify.

2.     The date(s).

3.     The subject matter(s).

4.     The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 313 N. Monroe Street Tallahassee, FL, 32301, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      All statements made by any witnesses to the subject accident at the subject place of business located at 1500 Apalachee Parkway, Tallahassee, Leon County, Florida.

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject incident.

4

4.    A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.    A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.    Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.    Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.    Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.    Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.    A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.    A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.    A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.    A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.    A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the incident scene.

19.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the Complaint.

20.     Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

21.     Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

22.     Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

23.     Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

24.     Please provide footage from all CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

25.     All reports regarding the testing and coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

26.     List of all slip and falls that occurred at the subject location for the three (3) year period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

27.     Any records, bills, or invoices for repairs to the ceiling at Defendant's premises.

28.     Any complaints made by any customer, invitee, or employee of any liquid dripping from the ceiling in the three years prior to the subject incident, including the date of the subject incident.

29.     Any complaints made by any customer, invitee, or employee of any liquid dripping from the ceiling since the subject incident.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

s/  *Jeffrey A. Berglund*

**JEFFREY A. BERGLUND, ESQUIRE**
Florida Bar No.: 124936
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email: JBerglund@forthepeople.com
Secondary Email: michelledavis@forthepeople.com
Phone: (850) 765-1891
Fax: (850) 201-2760
*Attorney for Plaintiff*

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

       **Plaintiff,**

**vs.**
                               **Case No.:**  2022 CA 000120

**GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC**

       **Defendants.**

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT, GOVERNOR'S SQUARE MALL, LLC

Plaintiff, TORRENCE GAINES, by and through the undersigned counsel, hereby requests that

Defendant, , produce for inspection or copying the documents set forth below.  Defendant shall

produce these documents at Morgan & Morgan, P.A., 313 N. Monroe Street Tallahassee, FL, 32301

within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as

follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications,

memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and

predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.     "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.     As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.     As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.     Description sufficient to identify.

2.     The date(s).

3.     The subject matter(s).

4.     The sender(s) or author(s).

3

5.    The recipient(s).

6.    The persons to whom copies were furnished, together with their job titles.

7.    The present depository or person having custody of the document.

8.    The nature and basis of privilege or immunity claimed.

9.    The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 313 N. Monroe Street Tallahassee, FL, 32301, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.    All statements made by any witnesses to the subject accident at the subject place of business located at 1500 Apalachee Parkway, Tallahassee, Leon County, Florida.

2.    All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.    All photographs of the area involved in the subject incident.

4

4.     A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.     A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.     Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.     Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.     Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.     Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

6

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the incident scene.

19.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the Complaint.

20.     Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

21.     Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

22.     Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

23.     Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

24.     Please provide footage from all CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

25.     All reports regarding the testing and coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

26.     List of all slip and falls that occurred at the subject location for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

27.     Any records, bills, or invoices for repairs to the ceiling at Defendant's premises.

28.     Any complaints made by any customer, invitee, or employee of any liquid dripping from the ceiling in the three years prior to the subject incident, including the date of the subject incident.

29.     Any complaints made by any customer, invitee, or employee of any liquid dripping from the ceiling since the subject incident.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

s/ *Jeffrey A. Berglund*

**JEFFREY A. BERGLUND, ESQUIRE**
Florida Bar No.: 124936
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email: JBerglund@forthepeople.com
Secondary Email: michelledavis@forthepeople.com
Phone: (850) 765-1891
Fax: (850) 201-2760
*Attorney for Plaintiff*

8

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

TORRENCE GAINES

      **Plaintiff,**

                              **Case No.:**   2022 CA 000120

vs.

GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC

      **Defendants.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT,**
**GOVERNOR'S SQUARE MALL, LLC**

COMES NOW, Plaintiff, TORRENCE GAINES pursuant to Florida Rules of Civil Procedure 1.370(a), requests that Defendant, GOVERNOR'S SQUARE MALL, LLC, make the following admissions in this action within forty-five (45) days from the date of this Certificate of Service hereof:

1.    On or about February 3, 2021, Plaintiff was an invitee and lawfully upon Defendant's premises.

2.    Plaintiff sustained injuries on the Defendant's premises on February 3, 2021.

3.    Plaintiff was not guilty of any comparative negligence in the incident described in the complaint.

4.    No other person or entity, not a party to this lawsuit, caused or contributed to the Plaintiff's fall on February 3, 2021.

5.    Plaintiff incurred medical expenses for treatment of injuries resulting from the incident described in the complaint.

6.    Plaintiff's medical expenses related to the subject fall were reasonable and necessary for the care and treatment of the injuries she sustained in the incident described in the complaint.

7.     Defendant, through its employees, agents, or representatives, was negligent in the maintenance, operation and/or inspection of its property on February 3, 2021.

8.     Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to the negligence of Defendant.

9.     Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to a liquid like substance on the floor.

10.     Defendant has a video that shows the Plaintiff's fall on February 3, 2021.

11.     Plaintiff's fall at Governor's Square Mall on February 3, 2021 was recorded on Defendant's video surveillance camera.

12.     The store surveillance video of the Plaintiff's fall on February 3, 2021 was preserved by Defendant.

13.     Defendant has photographs of the area where the Plaintiff fell on February 3, 2021, which Defendant's employee(s) took after the Plaintiff fell.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

/s/ *Jeffrey A. Berglund*

**JEFFREY A. BERGLUND, ESQUIRE**
Florida Bar No.: 124936
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
Primary Email: JBerglund@forthepeople.com
Secondary Email: michelledavis@forthepeople.com
Phone: (850) 765-1891
Fax: (850) 201-2760
*Attorney for Plaintiff*

2

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**TORRENCE GAINES**

      Plaintiff

vs                                        CASE NO.: 2022 CA 000120

  **GOVERNOR'S SQUARE MALL LLC**

      Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

### I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

    120 days after filing: Service of Complaints
    150 days after filing: Service under any Extension of Time
    180 days after filing: Adding New Parties
    210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
    270 days after filing: Completion of Fact and Expert Discovery
    270 days after filing: Resolution of Pretrial Motions, including Motions for
    Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

    120 days after filing: Service of Complaints
    180 days after filing: Service under any Extension of Time
    210 days after filing: Adding New Parties
    270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
    400 days after filing: Completion of Fact and Expert Discovery
    450 days after filing: Resolution of Pretrial Motions, including Motions for
    Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Friday, January 21, 2022
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

Filing # 142397602 E-Filed 01/21/2022 10:51:00 AM

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,**
**IN AND FOR LEON COUNTY, FLORIDA**

**TORRENCE GAINES**

      **Plaintiff,**

                                 **Case No.:** 2022 CA 000120

**vs.**

**GOVERNOR'S SQUARE MALL,**
**LLC, and PONDSCO FACILITY**
**SERVICES, LLC**

      **Defendants.**

Date: 1/28/22 Time: 8PM

MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, First Set of Interrogatories, First Request to Produce, First Request for Admissions, and Standing Order on Civil Case Management in the above-styled cause upon the Defendant:

**GOVERNOR'S SQUARE MALL, LLC,**
**C/O CORPORATION SERVICE COMPANY, AS REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on JEFFREY BERGLUND, ESQUIRE, **Morgan & Morgan**, 313 North Monroe Street, Suite 401, Tallahassee, Florida 32301, Telephone: (850) 329-6895, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **LEON COUNTY COURTHOUSE, Circuit Civil Division, 301 South Monroe Street, Suite 100, Tallahassee, Florida 32301 , (850) 606-4000**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of _____, _____.

Clerk of the Circuit Court

By_____   01/21/2022

As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

3

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**Morgan & Morgan Tallahassee, PLLC**
313 North Monroe Street Suite 401
Tallahassee, FL 32301
Phone: (850) 329-6895

4

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

CASE NO.:  2022 CA 000120

TORRENCE GAINES,

     Plaintiff,

v.

GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC

     Defendants,

## <u>NOTICE OF APPEARANCE</u>

The Law Firm of LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND and

Attorney TABITHA G. JACKSON, hereby files this Notice of Appearance as Counsel for

Defendant, GOVERNOR'S SQUARE MALL, LLC, herein and requests service of all pleadings,

notices and other papers in this matter.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 18th day of February, 2022.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
6265 Old Water Oak Road, Suite 201
Tallahassee, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:

Tabitha G. Jackson
Florida Bar No.:  115729
Tjackson@LS-Law.com

## SERVICE LIST

Jeffrey A. Berglund, Esq.
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, FL 32301
P: 850-765-1892
F: 850-201-2760
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

CASE NO.:  2022 CA 000120

TORRENCE GAINES,

      Plaintiff,

v.

GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC

      Defendants,

## <u>NOTICE OF DESIGNATION OF E-MAIL ADDRESS</u>

Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through the undersigned counsel, hereby files this Notice of Designation of E-mail Address pursuant to Fla. R. Jud. Admin. 2.516, and notifies all parties that the following e-mail address is the designated e-mail address for service of all pleadings or other documents required to be served in this matter.

[LUKSTALLY-Pleadings@LS-Law.com](mailto:LUKSTALLY-Pleadings@LS-Law.com)

**\*\*THIS EMAIL ADDRESS IS FOR THE SERVICES OF COURT DOCUMENTS <u>ONLY</u>.  ALL OTHER COMMUNICATIONS SHOULD BE DIRECTED TO THE ATTORNEY OF RECORD.\*\***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 18th day of February, 2022.

LUKS, SANTANIELLO, PETRILLO,
COHEN & PETERFRIEND
6265 Old Water Oak Road, Suite 201
Tallahassee, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:

Tabitha G. Jackson
Florida Bar No.:  115729
Tjackson@LS-Law.com

## SERVICE LIST

Jeffrey A. Berglund, Esq.
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, FL 32301
P: 850-765-1892
F: 850-201-2760
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

CASE NO.:  2022 CA 000120

TORRENCE GAINES,

      Plaintiff,

v.

GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC

      Defendants,

## DEFENDANT, GOVERNOR'S SQUARE MALL, LLC'S, ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through undersigned counsel, and pursuant to Rule 1.140, Florida Rule of Civil Procedure, hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint, as follows:

## ANSWER

1.      Denied as phrased. Admitted that Plaintiff filed the instant suit in this Court. Denied that any action inaction or omission occurred on this Defendant's behalf warranting this suit. Denied that any monies, benefits, costs, interests, fees, or otherwise are owed from this Defendant to Plaintiff.

2.      Without knowledge, therefore denied.

3.      Denied.

4.      Admitted.

5.      Admitted.

6.      Without knowledge, therefore denied.

7.      Denied as phrased. Admitted that this Defendant owed the duties prescribed in the applicable Florida Statutes and/or common law.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, GOVERNOR'S SQUARE MALL, LLC

8.      Denied as phrased. Defendant owed the duties prescribed in the applicable Florida Statutes and/or common law.

9.      This Defendant denies allegation 9, including all subparts including (a) through (t), with strict proof demanded thereof.

10.     Denied.

11.     Denied.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, GOVERNOR'S SQUARE MALL, LLC

12.     Admitted.

13.     Denied as phrased. Denied as phrased. Defendant owed the duties prescribed in the applicable Florida Statutes and/or common law.

14.     This Defendant denies allegation 14, including all subparts including (a) through (t), with strict proof demanded thereof.

15.     Denied.

16.     Denied.

## COUNT III – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, PONDSCO FACILITY SERVICES, LLC

17.     Allegation 17 is not directed to this Defendant. In the event any allegation in number 17 is directed to this Defendant, same is denied with strict proof demanded thereof.

18.     Allegation 18, and all subparts including (a) through (t) are not directed to this Defendant. In the event any allegation in number 18, and all subparts including (a) through (t), are directed to this Defendant, same are denied with strict proof demanded thereof.

19.     Allegation 19 is not directed to this Defendant. In the event any allegation in number 19 is directed to this Defendant, same is denied with strict proof demanded thereof.

20.     Allegation 20 is not directed to this Defendant. In the event any allegation in number 20 is directed to this Defendant, same is denied with strict proof demanded thereof.

## COUNT IV – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, PONDSCO FACILITY SERVICES, LLC

21.     Allegation 21 is not directed to this Defendant. In the event any allegation in number 21 is directed to this Defendant, same is denied with strict proof demanded thereof.

22.     Allegation 22 is not directed to this Defendant. In the event any allegation in number 22 is directed to this Defendant, same is denied with strict proof demanded thereof.

23.     Allegation 23, and all subparts including (a) through (t) are not directed to this Defendant. In the event any allegation in number 23, and all subparts including (a) through (t), are directed to this Defendant, same are denied with strict proof demanded thereof.

24.     Allegation 24 is not directed to this Defendant. In the event any allegation in number 24 is directed to this Defendant, same is denied with strict proof demanded thereof.

25.     Allegation 25 is not directed to this Defendant. In the event any allegation in number 25 is directed to this Defendant, same is denied with strict proof demanded thereof.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of the Defendants.

2.      The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the alleged incident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiffs' degree of fault.

3.      Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for his own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

4.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which the Defendants had no control.  In accordance with section 768.81, Florida Statutes, the Defendants are entitled to an apportionment of fault and an apportionment of damages as the Doctrine of Joint and Several Liability has been abolished.

5.      Plaintiff has received or is entitled to receive payments from collateral sources as identified by section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendants are entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

6.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to the Defendants' control.  In accordance with section 768.81, Florida Statutes, the Defendants are entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

7.      Plaintiff failed to mitigate or minimize his damages, if any.

8.      The Defendants are entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

9.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

10.      Plaintiff failed to take ordinary and reasonable care in conducting himself on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.      Defendants had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to the Defendants so that corrective action could be taken.

12.      If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendants would not owe Plaintiff the duty or duties alleged in the Complaint.  Defendants are entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13.      Defendants' mode of operation/maintenance was reasonable and adequate at its premises.

14.      At the time and place complained of, person or persons not operating under the control and consent of the Defendants, so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendants.

15.      The Plaintiff's damages were caused by third parties not party to this litigation and all Defendants are entitled to have liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17.     Plaintiff has not satisfied all conditions precedent to filing this suit against the Defendants and/or the subject action is barred by the Statute of Limitations.

18.     If discovery reveals Plaintiff to be a borrowed servant and/or statutory employee, then this action and said claims are barred by the Doctrine of Worker's Compensation Immunity, section 440.11, Florida Statutes.

19.     Defendants avail itself of the defenses and burdens of proof required by Plaintiff pursuant to Section 768.0755, Florida Statutes, which requires Plaintiff to prove negligence in the maintenance, inspection, repair, warning, or mode of operation of the premises.

20.     Defendants avails themselves of all statutory defenses and burdens of proof required by Florida law, including but not limited to Chapters 768 and 627, Florida Statutes.

21.     Plaintiff has failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009); plaintiff is a Medicare beneficiary, then defendant is entitled to a write-down or setoff under the Medicare fee schedule.

22.     Defendants assert that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the defendants

are entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

23.     Defendants assert that it is entitled  to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other  expenses in the future pursuant to the law of collateral source setoffs and _Goble v. Frohman_, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

## THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 28th day of February, 2022.

LUKS, SANTANIELLO, PETRILLO,
COHEN & PETERFRIEND
6265 Old Water Oak Road, Suite 201
Tallahassee, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:

Tabitha G. Jackson
Florida Bar No.:  115729
Tjackson@LS-Law.com

## SERVICE LIST

Jeffrey A. Berglund, Esq.
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, FL 32301
P: 850-765-1892
F: 850-201-2760
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

CASE NO.:  2022 CA 000120

TORRENCE GAINES,

     Plaintiff,

v.

GOVERNOR'S SQUARE MALL,
LLC, and PONDSCO FACILITY
SERVICES, LLC

     Defendants,

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

The Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through the undersigned counsel and pursuant to Rule 1.370, Florida Rules of Civil Procedure, files its response to Plaintiff's First Request for Admissions:

1.   On or about February 3, 2021, Plaintiff was an invitee and lawfully upon Defendant's premises.
    **RESPONSE: Upon information and belief known at this time, admitted.**

2.   Plaintiff sustained injuries on the Defendant's premises on February 3, 2021.
    **RESPONSE: Denied.**

3.   Plaintiff was not guilty of any comparative negligence in the incident described in the complaint.
    **RESPONSE: Denied.**

4.  No other person or entity, not a party to this lawsuit, caused or contributed to the
    Plaintiffs fall on February 3, 2021.
    **RESPONSE: Denied.**

5.  Plaintiff incurred medical expenses for treatment of injuries resulting from the incident
    described in the complaint.
    **RESPONSE: Denied.**

6.  Plaintiff's medical expenses related to the subject fall were reasonable and necessary for the
    care and treatment of the injuries she sustained in the incident described in the complaint.
    **RESPONSE: Denied.**

7.  Defendant, through its employees, agents, or representatives, was negligent in the
    maintenance, operation and/or inspection of its property on February 3, 2021.
    **RESPONSE: Denied.**

8.  Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to the
    negligence of Defendant.
    **RESPONSE**: **Denied.**

9.  Plaintiff slipped and fell on Defendant's premises on February 3, 2021 due to a liquid like
    substance on the floor.
    **RESPONSE: Denied.**

10. Defendant has a video that shows the Plaintiff's fall on February 3, 2021.

    **RESPONSE:**

11. Plaintiff's fall at Governor's Square Mall on February 3, 2021 was recorded on Defendant's video surveillance camera.

    **RESPONSE: Defendant objects to this allegation, as it is argumentative and seeks to have Defendant agree with Plaintiff's recitation of acts, which it does not. Notwithstanding said objection, denied.**

12. The store surveillance video of the Plaintiff's fall on February 3, 2021 was preserved by Defendant.

    **RESPONSE: Admitted.**

13. Defendant has photographs of the area where the Plaintiff fell on February 3, 2021, which Defendant's employee(s) took after the Plaintiff fell.

    **RESPONSE: Denied as phrased. Admitted that Defendant has photographs of the area in question.**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 28th day of February, 2022.

> LUKS, SANTANIELLO, PETRILLO,
> COHEN & PETERFRIEND
> 6265 Old Water Oak Road, Suite 201
> Tallahassee, FL 32312
> Telephone:  (850) 385-9901
> Facsimile:  (850) 727-0233
>
> By:
>
> Tabitha G. Jackson
> Florida Bar No.:  115729
> Tjackson@LS-Law.com

## <u>SERVICE LIST</u>

Jeffrey A. Berglund, Esq.
Morgan & Morgan
313 North Monroe Street, Suite 401
Tallahassee, FL 32301
P: 850-765-1892
F: 850-201-2760
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

CASE NO: 2022-CA-000120

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

### **DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SERVE DISCOVERY RESPONSES**

Defendant, GOVERNOR'S SQUARE MALL, LLC ("Defendant"), by and through undersigned counsel, seeks entry of an order extending the time to serve Responses to Plaintiff's initial discovery requests and in support states as follows:

1.      On January 25, 2022 Plaintiff served Defendant, Governor's Square Mall, LLC, with its Complaint and initial discovery requests.

2.      Responses to the initial discovery requests are due March 11, 2022.

3.      Counsel for the Defendant is making every effort to obtain all of the necessary documentation in order to provide a meaningful response to Plaintiff's initial discovery requests.

4.      Accordingly, Defendant hereby requests an extension to respond to Plaintiff's Discovery Requests.

5.      The Defendant will be prejudiced in its defense should it be required to respond to the Plaintiff's Discovery Requests without having the opportunity to fully review the necessary documents and information in order to provide complete and accurate responses.

Case No.: 2022-CA-00120
Page 2

6.      Plaintiff will not be prejudiced by the requested enlargement of time.

7.      The undersigned certifies this Motion is filed in good faith and is not being filed for the purposes of delay.

**WHEREFORE,** the Defendant, GOVERNOR'S SQUARE MALL, LLC, respectfully requests that this Honorable Court grant an Enlargement of Time of fourteen (14) days for the Defendant to respond to the Plaintiff's Discovery Requests, and any other relief the Court may deem just and proper.

**THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

Case No.: 2022-CA-00120
Page 3

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 8th day of March,

2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN &
> PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone:  (850) 385-9901
> Facsimile:  (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.:  115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall,
> LLC*

## <u>SERVICE LIST</u>

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

       Plaintiff,

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

       Defendants.

_____/

CASE NO: 2022-CA-000120

## **<u>NOTICE OF NON-PARTY PRODUCTION</u>**

     **YOU ARE HEREBY NOTIFIED** that after ten (10) days from the date of service of this

notice, and if no objection is received from any party, the undersigned will issue or apply to the

Clerk of this Court for issuance of Subpoenas directed to the Records Custodian of:

1.  Leon County Emergency Medical Services
     911 Easterwood Drive
     Tallahassee, Florida 32311

2.  Tallahassee Memorial Hopsital, Radiology Department
     1300 Miccosukee Road
     Tallahassee, Florida 32308

3.  Tallahassee Memorial Hopsital, Billing Department
     1300 Miccosukee Road
     Tallahassee, Florida 32308

4.  Tallahassee Memorial Hopsital, Medical Records Department
     1300 Miccosukee Road
     Tallahassee, Florida 32308

5.  American Health Imaging
     1925 Capital Circle NE
     Tallahassee, Florida 32308

6.  Dr. Joseph Miller

      1931 Welby Way
      Tallahassee, Florida 32308

7.  North Florida Sports Medicine & Orthopaedic Center
      1911 Miccosukee Road
      Tallahassee, Florida 32308

8.  Radiology Associates of Tallahassee
      1300 Miccosukee Road
      Tallahassee, Florida 32308

9.  Southern Interventional Pain Center
      1931 Welby Way, Suite 4
      Tallahassee, Florida 32308

10. TMH Emergency Physicians Group
      1300 Miccosukee Road
      Tallahassee, Florida 32308

who are not parties and whose addresses are as listed on the attached Subpoenas, to produce the

items listed at the time and place specified in the attached Subpoenas.

**THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 9th day of March,

2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN &
> PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone:  (850) 385-9901
> Facsimile:  (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.:  115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall,*
> *LLC*

## <u>SERVICE LIST</u>

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

CASE NO: 2022-CA-000120

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

### **DEFENDANT GOVERNOR'S SQUARE MALL, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, TORRENCE GAINES**

Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through undersigned attorney, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests Plaintiff, TORRENCE GAINES, to furnish copies of the following documents to Law Office of Luks, Santaniello, Petrillo, Cohen & Peterfriend, 6265 Old Water Oak Road, Suite 201, Tallahassee, Florida 32312, within thirty (30) days from the date of service of this request (pursuant to the Definitions and Instructions):

### **DEFINITIONS AND INSTRUCTIONS**

As hereafter used, the following terms shall have the following definitions;

A.      The term 'Plaintiff' shall mean any named Plaintiff; and if other than a natural person, the wholly owned or partly owned subsidiaries, divisions, affiliated companies and predecessors in business of any named Plaintiff; any shareholders, directors, officers, employees, agents, accounts, attorneys, advisors, adjusters, insurers, insurance companies, representatives,

nominees, or other person(s) (as hereinafter defined) who are acting or have acted on behalf of any named Plaintiff.

B.     The term 'Defendant' shall mean any named Defendant; and if other than a natural person, and the wholly owned or partly owned subsidiaries, divisions, affiliated companies and predecessors in business of any named Defendant; any shareholders, directors, officers, employees, agents, accountants, attorneys, associates, adjusters, insurers, insurance companies, representatives, nominees, or other persons (as hereinafter defined) who are acting or have acted on behalf of any named Defendant.

C.     The term 'Person' shall mean any individual, firm, partnership, corporation, proprietorship, joint venture, association, and any foreign, federal, state, county or municipal governmental body or any department, division agency thereof, or any other organization or entity.

D.     The terms "Documents" and "Writings" shall mean, without limitation, or exception, any and all kinds of written, typewritten, stenographic, printed, computer or other generated or stored data, recorded or other graphic matters of any kind, and all other data compilations from which information can be obtained and translated if necessary, however produced or reproduced, whether retained separately or in files, including the original and any and all drafts, amendment, modifications, revisions, reproductions, duplicates, and copies, and including but not limited to the following:

1.     "Accounting Records" which include book of account, journals, ledgers, financial statements, income tax returns, profit and loss statements, balance sheets, accounting statements, accounting records, computer stored data and printouts, bank statements, deposit receipts, checkbooks, check stubs, checks, magnetic disks or tapes, and other similar documents;

2.     "Correspondence" which includes any and all correspondence, letters, notes, memoranda, telexes, telecopier or facsimile transmissions, emails, electronic text messages, telegrams, wires, cables, messages, telephone messages, memos, reports, files, records and other inter and intra-office communications. and other similar documents;

3.     "Drawings" include blueprints, drawings, sketches, plans, designs, maps, tables, charts, graphs, drafts, notes, diagrams, site plans, surveys, plot plans, and other similar documents, regardless of whether in electronic media or hardcopy.

4.     "Insurance Policies" include applications, requests. binders, proposals, policies, cover notes, declarations, endorsements, certificates, claims, and proofs of losses, releases, assignments, satisfactions, loan receipts, subrogation receipts and other similar documents.

5.     "Medical Records" include any and all files, records, reports, notes, charts, statements, opinions, diagnoses, letters, comments, memoranda, questionnaires admission notes, discharge summaries, operative reports, orders, letters, tests, analyses, x-rays, MR1's, CT scans, diagnostic and radiographic studies, videotapes, photographs, bills, invoices, statements, and all other documents which are issued, rendered, maintained, written, prepared, performed, and/or recorded by any doctor, hospital, clinic, rescue service, laboratory, nurse, therapist, rehabilitation, pharmacist, dentist, radiologist, chiropractor, psychiatrist, psychologist, and/or other health care provider.

6.     "Photographs" include photographs, pictures, negatives, phone-records, tape recordings videotapes, movies, slides, and other similar documents, regardless of whether in electronic media or hardcopy;

7.    "Standards" include standards, instructions, directives, procedures, specifications, brochures, rules, regulations, advisories, recommendations, programs, guidelines, catalogues, warnings, labels, statements, supplements, advertisements, governmental standards, building codes, fire codes, ordinances, statutes, laws recognized standards in the industry, and other similar documents.

8.    "Statements" include the signed and unsigned handwritten, typewritten, tape recorded, videotaped, stenographic, transcribed or other recorded statement or communications given by any person and other similar documents.

9.    "Surveys" or "Surveyed" include any surveys, tests, inspections, reviews, examinations, recommendations, evaluations, opinions, analyses, studies, and/or other similar documents concerning, relating and/or pertaining to the maintenance, operation, use, or condition of the subject location where the subject accident occurred;

E.    The term "Health Care Provider" includes any and all doctors, hospitals, clinics, rescue services, laboratories, nurses, therapists, rehabilitations, pharmacists, dentists, radiologists, technicians, chiropractors, podiatrists, psychiatrists, psychologists, and/or any other persons who have examined, tested, or otherwise provided any medical treatment or care to the Plaintiff.

F.    The term "Subject Accident" includes the incident alleged in Plaintiffs' Complaint.

G.    The term "Subject Location" includes the area where the Plaintiff claims the incident alleged in the Complaint occurred.

H.    The term "maintenance" includes, but is not limited to, the maintenance, inspection, repair, refurbishing, rebuilding, fabrication, alteration, renovation, modification, removal, care, custody and/or control of the Subject Location.

I.       When requested to "describe" any document, state the date of the document, the name, address and telephone number of the author of the document, the contents of the document, and the name, address and telephone number of the recipient of the document. Alternatively, copies of the documents may be attached to any answer or other response-given, designating the particular interrogatory or request to which the document refers.

## TIME PERIOD

Unless otherwise specified in a particular document production request or interrogatory, the period of time to which these interrogatories or document production requests apply is from the period of five (5) years immediately preceding the date of the incident alleged in the Complaint, or any amendment thereto, until the date that any answers are other response is served to the document production requests or interrogatories.

## PRIVILEGED OR PROPRIETARY MATTER

If you object to any part of any request or interrogatory, please specify that part to which you object and the grounds for the objection. If you claim that any request or interrogatory calls for the production of documents or the furnishing of information which you claim constitute proprietary information, work product or are otherwise privileged, please identify in writing each document withheld, its maker, and the specific reasons for withholding the document or furnishing the information.

## DOCUMENTS NO LONGER IN YOUR POSSESSION, CUSTODY OR CONTROL

If any request seeks the identification or production of documents which are known to have previously existed, and were within your possession, custody or control at any time during the time period covered by these requests, but are not now in your possession, custody or control, then, with respect to each such document, please describe the document; the date or approximate date

when the document ceased to be in your possession, custody or control; the reason why the document is no longer in your possession, custody or control; and the names, addresses and telephone numbers of persons having knowledge of the contents of the document.

## <u>REQUESTS</u>

1.    Any and all photographs, films or videotapes in your possession, which depict or purport to depict the scene, or any aspect of the scene of the subject incident.

2.    Any and all photographs, films or videotapes in your possession, which depict or purport to depict any aspect of Plaintiff's injuries herein.

3.    Copies of any letters of protection, or similar document(s), given by the Plaintiff or anyone acting on behalf of the Plaintiff, to any health care provider relating to the charges of the health care provider.

4.    Any and all medical records from any physicians, doctors, hospitals, or other medical facilities, which relate to or concern or the Plaintiff's injuries alleged in the Complaint, or where the Plaintiff sought treatment for such injuries.

5.    Any and all medical bills, receipts or invoices that you contend support or tend to support your damage claims in this case arising from the subject incident.

6.    Any and all documents, articles, writings, correspondence, recordings or memoranda that you contend support or tend to support any allegation set forth in the Complaint.

7.    Any and all written reports from any expert witness or consultant retained by the Plaintiff.

8.    Any and all Income Tax returns and W-2 forms for the Plaintiff for the past five (5) years.

9.      Copies of any Third-Party health insurance card(s), Medicare card, Medicaid card, or other form of health care insurance provider(s).

10.     A complete copy of any statements from providers of collateral source payments, which assert a right to subrogation or reimbursement pursuant to 768.76(7) Florida Statute.

11.     Copies of any and all paperwork associated with any prior and/or contemporaneous lawsuits and/or claims.

12.     Copies of any and all documents, contracts, statements, correspondence or other materials regarding any assignment by Plaintiff, for any loans, advanced payments, or other monetary gain received by Plaintiff, or anyone on Plaintiff's behalf, from any non-party, based on the potential recovery of a settlement or judgment in this case.

13.     Any and all accident or incident reports generated from any accidents, which the Plaintiff was involved in **prior** to the subject incident, including any prior slip and falls, automobile accidents, or other accidents or incidents.

14.     Any and all hospital records, nurses' notes, doctors' notes, progress notes, radiology reports, MRI films, x-rays, and MRI reports, and medical bills for any accidents in which the Plaintiff was involved in **prior** to the subject incident.

15.     Any and all accident or incident reports generated from any accidents, which the Plaintiff was involved in **subsequent** to the subject incident, including any slip and falls, automobile accidents, or other accidents or incidents.

16.     Any and all hospital records, nurses' notes, doctors' notes, progress notes, radiology reports, MRI films, x-rays, and MRI reports and medical bills for any accidents in which the Plaintiffs was involved in **subsequent** to the subject incident.

17.     All medical records from any physician who treated Plaintiff for any reason during the three (3) years prior to the subject incident.

18.     Any and all records supporting a claim for lost wages as a result of the subject incident.

19.     Copies of any and all agreements, including, settlement agreements, releases, or covenants not to sue, entered into by Plaintiff, or on Plaintiff's behalf, with any other , person, firm or corporation not a party to this lawsuit who you contend may have liability exposure to the incident of which you complain.

20.     Copy of any document from any insurance company, court, or SSA approving the plaintiff for disability benefits.

21.     Any materials you intend to use at trial to impeach the parties, their witnesses or experts, including impeachment material as set forth in and Northup v. Acken, 865 So.2d 1267 (Fla. 2004).

22.     Copies of any statements of any witnesses to the incident giving rise to the Complaint.

23.     A copy of any and all reports or updated reports prepared for the Plaintiff by Plaintiff's experts, including but not limited to the following:

　　　　a.     Any and all reports (preliminary, final or otherwise), rough drafts, work sheets and materials in any manner connected with the opinions or conclusions reached concerning the subject matter of his/her expert opinion.

　　　　b.     Any and all materials considered, consulted, and used as a basis or predicate for opinions and conclusions, including but not limited to, published articles, data or documents furnished by the party engaging services.

      c.     All computations, calculations and formulas considered, utilized, produced or in any manner connected with opinions or conclusions.

24.    A signed and executed copy of Social Security authorization form SSA-3288, attached as exhibit "A".

25.    A signed and executed copy of Social Security authorization form SSA-7050-F4, attached as exhibit "B".

26.    A signed and executed copy of Internal Revenue Service authorization form 4506, attached as exhibit "C".

27.    A signed and executed copy of the Medicare Authorization, attached as exhibit "D".

28.    A signed and executed copy of the HIPPA Medical Release, attached as exhibit "E".

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND. If Plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

**THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 10th day of March,

2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN &
> PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone:  (850) 385-9901
> Facsimile:  (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.:  115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall,*
> *LLC*

## <u>SERVICE LIST</u>

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

vs.

CASE NO: 2022-CA-000120

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

### DEFENDANT GOVERNOR'S SQUARE MALL, LLC'S COLLATERAL SOURCE REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, TORRENCE GAINES

      Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through undersigned attorney, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests Plaintiff, TORRENCE GAINES, to furnish copies of the following documents to Law Office of Luks, Santaniello, Petrillo, Cohen & Peterfriend, 6265 Old Water Oak Road, Suite 201, Tallahassee, Florida 32312, within thirty (30) days from the date of service of this request (pursuant to the definitions and instructions herein).

### DEFINITIONS AND INSTRUCTIONS

      As hereafter used, the following terms shall have the following definitions;

      A.     The term 'Plaintiff' shall mean any named Plaintiff; and if other than a natural person, the wholly owned or partly owned subsidiaries, divisions, affiliated companies and predecessors in business of any named Plaintiff; any shareholders, directors, officers, employees, agents, accounts, attorneys, advisors, adjusters, insurers, insurance companies, representatives,

nominees, or other person(s) (as hereinafter defined) who are acting or have acted on behalf of any named Plaintiff.

B.     The term 'Defendant' shall mean any named Defendant; and if other than a natural person, and the wholly owned or partly owned subsidiaries, divisions, affiliated companies and predecessors in business of any named Defendant; any shareholders, directors, officers, employees, agents, accountants, attorneys, associates, adjusters, insurers, insurance companies, representatives, nominees, or other persons (as hereinafter defined) who are acting or have acted on behalf of any named Defendant.

C.     The term 'Person' shall mean any individual, firm, partnership, corporation, proprietorship, joint venture, association, and any foreign, federal, state, county or municipal governmental body or any department, division agency thereof, or any other organization or entity.

D.     The terms "Documents" and "Writings" shall mean, without limitation, or exception, any and all kinds of written, typewritten, stenographic, printed, computer or other generated or stored data, recorded or other graphic matters of any kind, and all other data compilations from which information can be obtained and translated if necessary, however produced or reproduced, whether retained separately or in files, including the original and any and all drafts, amendment, modifications, revisions, reproductions, duplicates, and copies, and including but not limited to the following:

1.     "Accounting Records" which include book of account, journals, ledgers, financial statements, income tax returns, profit and loss statements, balance sheets, accounting statements, accounting records, computer stored data and printouts, bank statements, deposit receipts, checkbooks, check stubs, checks, magnetic disks or tapes, and other similar documents;

2.      "Correspondence" which includes any and all correspondence, letters, notes, memoranda, telexes, telecopier or facsimile transmissions, emails, electronic text messages, telegrams, wires, cables, messages, telephone messages, memos, reports, files, records and other inter and intra-office communications. and other similar documents;

3.      "Drawings" include blueprints, drawings, sketches, plans, designs, maps, tables, charts, graphs, drafts, notes, diagrams, site plans, surveys, plot plans, and other similar documents, regardless of whether in electronic media or hardcopy.

4.      "Insurance Policies" include applications, requests. binders, proposals, policies, cover notes, declarations, endorsements, certificates, claims, and proofs of losses, releases, assignments, satisfactions, loan receipts, subrogation receipts and other similar documents.

5.      "Medical Records" include any and all files, records, reports, notes, charts, statements, opinions, diagnoses, letters, comments, memoranda, questionnaires admission notes, discharge summaries, operative reports, orders, letters, tests, analyses, x-rays, MR1's, CT scans, diagnostic and radiographic studies, videotapes, photographs, bills, invoices, statements, and all other documents which are issued, rendered, maintained, written, prepared, performed, and/or recorded by any doctor, hospital, clinic, rescue service, laboratory, nurse, therapist, rehabilitation, pharmacist, dentist, radiologist, chiropractor, psychiatrist, psychologist, and/or other health care provider.

6.      "Photographs" include photographs, pictures, negatives, phone-records, tape recordings videotapes, movies, slides, and other similar documents, regardless of whether in electronic media or hardcopy;

7.      "Standards" include standards, instructions, directives, procedures, specifications, brochures, rules, regulations, advisories, recommendations, programs, guidelines, catalogues, warnings, labels, statements, supplements, advertisements, governmental standards, building codes, fire codes, ordinances, statutes, laws recognized standards in the industry, and other similar documents.

8.      "Statements" include the signed and unsigned handwritten, typewritten, tape recorded, videotaped, stenographic, transcribed or other recorded statement or communications given by any person and other similar documents.

9.      "Surveys" or "Surveyed" include any surveys, tests, inspections, reviews, examinations, recommendations, evaluations, opinions, analyses, studies, and/or other similar documents concerning, relating and/or pertaining to the maintenance, operation, use, or condition of the subject location where the subject accident occurred;

E.      The term "Health Care Provider" includes any and all doctors, hospitals, clinics, rescue services, laboratories, nurses, therapists, rehabilitations, pharmacists, dentists, radiologists, technicians, chiropractors, podiatrists, psychiatrists, psychologists, and/or any other persons who have examined, tested, or otherwise provided any medical treatment or care to the Plaintiff.

F.      The term "Subject Accident" includes the incident alleged in Plaintiffs' Complaint.

G.      The term "Subject Location" includes the area where the Plaintiff claims the incident alleged in the Complaint occurred.

H.      The term "maintenance" includes, but is not limited to, the maintenance, inspection, repair, refurbishing, rebuilding, fabrication, alteration, renovation, modification, removal, care, custody and/or control of the Subject Location.

I.      When requested to "describe" any document, state the date of the document, the name, address and telephone number of the author of the document, the contents of the document, and the name, address and telephone number of the recipient of the document. Alternatively, copies of the documents may be attached to any answer or other response-given, designating the particular interrogatory or request to which the document refers.

## TIME PERIOD

Unless otherwise specified in a particular document production request or interrogatory, the period of time to which these interrogatories or document production requests apply is from the period of five (5) years immediately preceding the date of the incident alleged in the Complaint, or any amendment thereto, until the date that any answers are other response is served to the document production requests or interrogatories.

## PRIVILEGED OR PROPRIETARY MATTER

If you object to any part of any request or interrogatory, please specify that part to which you object and the grounds for the objection. If you claim that any request or interrogatory calls for the production of documents or the furnishing of information which you claim constitute proprietary information, work product or are otherwise privileged, please identify in writing each document withheld, its maker, and the specific reasons for withholding the document or furnishing the information.

## DOCUMENTS NO LONGER IN YOUR POSSESSION, CUSTODY OR CONTROL

If any request seeks the identification or production of documents which are known to have previously existed, and were within your possession, custody or control at any time during the time period covered by these requests, but are not now in your possession, custody or control, then, with respect to each such document, please describe the document; the date or approximate date

when the document ceased to be in your possession, custody or control; the reason why the document is no longer in your possession, custody or control; and the names, addresses and telephone numbers of persons having knowledge of the contents of the document.

### REQUESTS

1.      Copies of any and all notices and notifications of the Plaintiff's intent to claim damages from the alleged tortfeasor which have been sent to any and all collateral source providers pursuant to §768.76 (6) of the Florida Statutes, and any applicable hospital lien ordinance.

2.      Copies of any and all claims of lien, statements, correspondence or documentation received from all providers of collateral sources asserting or waiving any claim of subrogation or reimbursement pursuant to §768.76 (7) of the Florida Statutes, and any applicable hospital lien ordinance.

3.      Copies of any and all subrogation or reimbursement notices, policy provisions and claims of lien for all providers of collateral sources for medical treatment received by Plaintiff as a result of the incident that is the subject of this litigation.

4.      Any and all documentation establishing the amount of money and benefits paid by any and all collateral sources for medical treatment received by the Plaintiff as a result of the incident which is the subject of this litigation.

5.      Copies of any and all releases of hospital liens and satisfactions of hospital liens pertaining to the Plaintiff for any medical and chiropractic care rendered as an alleged result of the incident which is the subject of this litigation.

6.      Copies of any and all Complaints and Statements of Claim filed by any medical provider against the Plaintiff for any medical and chiropractic care which is alleged to have been rendered as a result of the incident which is the subject of this litigation.

7.      Copies of all drafts, checks, money orders and receipts showing payment by the Plaintiff of any hospital lien charges which are alleged to have been incurred as a result of the incident which is the subject of this litigation.

8.      Copies of any correspondence between the Plaintiff and any health care provider, including hospitals, pertaining to collection of accounts, payment of bills and liens and reimbursement/subrogation rights.

9.      Any and all Workers Compensation, TRICARE/Champus, Medicare, HRS Medicaid, Hospital liens, HMO notices, PPO notices, ERlSA plan, health insurance, medical payment (Med Pay) and commercial PIP notices of subrogation and reimbursement rights pertaining to any health care (both medical and chiropractic) rendered to Plaintiff as an alleged result of the incident which is the subject of this litigation.

10.      Copies of any and all drafts and checks showing payment by any Workers Compensation carrier, TRICARE/Champus, Medicare, HRS Medicaid, health insurance, HMO, PPO, ERISA plan, Med Pay plan, any public program providing medical expenses and commercial PIP to Plaintiff and any health care provider (medical and chiropractic) for the benefit of the Plaintiff.

11.      Copies of any checks, drafts, documentation and correspondence sent by the Social Security Administration, motor vehicle accident insurer (including PIP), any federal, state or local income disability provider, any public program providing disability payments, and income disability insurer to the Plaintiff for any wage loss and loss, disability and loss of earning capacity payments made as an alleged result of the incident which is the subject of this action.

12.     Copies of any contract or agreement by any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services that pertain to the Plaintiff herein.

13.     Copies of any contractual or voluntary wage continuation plan and contract provided by Plaintiffs employer(s) or by any other system intended to provide wages during a period of disability.

14.     Copies of the Complaints in any lawsuit and arbitration concerning a dispute between any collateral source providers as defined in §768.76 and Plaintiff.

15.     Produce all Medicare Summary Notices (MSN), or any other notices, reports, statements, or other documents from any source that describe, total or reference any Medicare benefits that plaintiff has received from the date of the accident till the present.

16.     Produce a printout showing all benefits paid by Medicare for any and all services or supplies that your providers and suppliers billed through Medicare and are contained on your personal account history at www.mymedicare.gov.

17.     Produce all correspondences or other documents from CMS or any other source that describe, total or reference any liens on the claims raised in this case.

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND. If plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

**THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record on the attached Service List, this 10th day of March,

2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN &
> PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone:  (850) 385-9901
> Facsimile:  (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.:  115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall,
> LLC*

## SERVICE LIST

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

CASE NO: 2022-CA-000120

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

### DEFENDANT GOVERNOR'S SQUARE MALL, LLC'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO PLAINTIFF, TORRENCE GAINES

Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby files this Notice of Service of First Set of Interrogatories to Plaintiff, TORRENCE GAINES, to be answered in writing and under oath within thirty (30) days after service hereof.

The original of said interrogatories were electronically mailed to Plaintiff's counsel and a true and correct copy of the foregoing Notice of Service of Interrogatories was filed using the e-filing portal to the Clerk of the Court.

### THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 10th day of March, 2022.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
6265 OLD WATER OAK ROAD, SUITE 201
TALLAHASSEE, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:_____
Tabitha G. Jackson
Florida Bar No.:  115729
TJackson@insurancedefense.net
BBowlin@insurancedefense.net
LUKSTALLY-Pleadings@LS-Law.com
*Attorneys for Defendant, Governor's Square Mall, LLC*

## SERVICE LIST

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

    CASE NO: 2022-CA-000120

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

## **DEFENDANT GOVERNOR'S SQUARE MALL, LLC'S NOTICE OF SERVICE OF COLLATERAL SOURCE INTERROGATORIES TO PLAINTIFF, TORRENCE GAINES**

    Defendant, GOVERNOR'S SQUARE MALL, LLC, by and through undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby files this Notice of Service of Collateral Source Interrogatories to Plaintiff, TORRENCE GAINES, to be answered in writing and under oath within thirty (30) days after service hereof.

    The original of said interrogatories were electronically mailed to Plaintiff's counsel and a true and correct copy of the foregoing Notice of Service of Interrogatories was filed using the e-filing portal to the Clerk of the Court.

## **THE REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 10th day of March, 2022.

> LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
> 6265 OLD WATER OAK ROAD, SUITE 201
> TALLAHASSEE, FL 32312
> Telephone: (850) 385-9901
> Facsimile: (850) 727-0233
>
> By:_____
> Tabitha G. Jackson
> Florida Bar No.: 115729
> TJackson@insurancedefense.net
> BBowlin@insurancedefense.net
> LUKSTALLY-Pleadings@LS-Law.com
> *Attorneys for Defendant, Governor's Square Mall, LLC*

## SERVICE LIST

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR LEON
COUNTY, FLORIDA

TORRENCE GAINES,

      Plaintiff,

CASE NO: 2022-CA-000120

vs.

GOVERNOR'S SQUARE MALL, LLC
AND PONDSCO FACILITY
SERVICES, LLC,

      Defendants.

_____/

## <u>NOTICE OF TAKING DEPOSITION</u>

TO:   Jeffrey A. Berglund, Esquire
      *Morgan & Morgan*
      313 North Monroe Street, Suite 401
      Tallahassee, Florida 32301

      **PLEASE TAKE NOTICE** that the undersigned attorneys will take the depositions of:

| <u>**Deponent**</u> | <u>**Time/Date**</u> | <u>**Location**</u> |
|---|---|---|
| Torrence Gaines | May 6, 2022<br>at 10:00 a.m. EST | *Morgan & Morgan*<br>313 North Monroe Street, Suite 401<br>Tallahassee, Florida 32301 |

upon oral examination before Magna Legal Services**,** Notary Public, or any other Notary Public or

officer authorized by law to take depositions in the State of Florida.  The oral examination will

continue from day to day until completed.

        **\* Please Advise If An Interpreter is Necessary.**

The depositions are being taken for the purpose of discovery, for use at trial, or for such other
purposes as are permitted under the Rules of Court, Rules 1.280, 1.310, 1.350, 1.360, 1.380, 1.390,
1.410.

In accordance with the Americans with Disabilities Act of 1990, persons needing special accommodation to participation this proceeding should contact the Court ADA Coordinator or the attorney no later than seven (7) days prior to the proceedings.  If hearing impaired, telephone the Court or the Florida Relay Service at 1-800-955-8771 for assistance.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 10th day of March, 2022.

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
6265 OLD WATER OAK ROAD, SUITE 201
TALLAHASSEE, FL 32312
Telephone:  (850) 385-9901
Facsimile:  (850) 727-0233

By:_____
Tabitha G. Jackson
Florida Bar No.:  115729
TJackson@insurancedefense.net
BBowlin@insurancedefense.net
LUKSTALLY-Pleadings@LS-Law.com
*Attorneys for Defendant, Governor's Square Mall, LLC*

## SERVICE LIST

Jeffrey A. Berglund, Esquire
*Morgan & Morgan*
313 North Monroe Street, Suite 401
Tallahassee, Florida 32301
JBerglund@forthepeople.com
MichelleDavis@forthepeople.com
*Counsel for the Plaintiff*